[Cite as *Plainsboro Partners III Ltd. Partnership v. Bellows & Assocs., Inc.*, 2026-Ohio-2791.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Plainsboro Partners III Limited Partnership, | : | |
| | : | |
| Plaintiff-Appellant, | | No. 25AP-672 |
| | : | (C.P.C. No. 20CV-7621) |
| v. | | |
| | : | (REGULAR CALENDAR) |
| Bellows & Associates, Inc., | | |
| | : | |
| Defendant-Appellee. | | |
| | : | |

D E C I S I O N

Rendered on July 21, 2026

**On brief:** *Taft Stettinius & Hollister LLP, Marc J. Kessler*, and *Jonathan N. Olivito*, for appellant. **Argued:** *Marc. J. Kessler.*

**On brief:** *Eastman & Smith Ltd*., and *Karl H. Schneider*; *Eastman & Smith Ltd*., and *Claire M. Griffin*, for appellee. **Argued:** *Karl H. Schneider.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Plainsboro Partners III Limited Partnership ("Plainsboro"), appeals from a decision of the Franklin County Court of Common Pleas granting judgment in favor of defendant-appellee, Bellows & Associates, Inc. ("Bellows"), on Plainsboro's claims for accounting, breach of contract, and spoliation. For the following reasons, we reverse in part and remand for further proceedings.

## I. Facts and Procedural History

{¶ 2} This dispute arises from the termination of a business relationship between Plainsboro and Bellows. Plainsboro was formed for the purpose of purchasing and owning Olde Mill Lakes Apartments ("Olde Mill"). Plainsboro and Bellows entered into a written management agreement in 1994, providing that Bellows would be the property manager for Olde Mill. The management agreement was amended and extended in 2003, 2004, and 2018. The management agreement specified that Bellows acted as Plainsboro's agent in managing the apartment complex. Bellows also performed accounting services for Olde Mill.

{¶ 3} Plainsboro terminated the management agreement effective May 17, 2020. In November 2020, Plainsboro filed a complaint in the trial court alleging that Bellows had overcharged for expenses while serving as property manager of Olde Mill and had failed to provide financial details for transactions conducted as property manager. Plainsboro further alleged that Bellows destroyed financial records and documents related to its management of Olde Mill. Plainsboro's complaint asserted claims for accounting, breach of contract, and spoliation.

{¶ 4} A jury trial was conducted on the breach of contract and spoliation claims in June 2025. Tammy Haft, the vice-president of the company that was the general partner in Plainsboro, testified on behalf of Plainsboro. Plainsboro also presented expert testimony from a forensic accountant. Bellows presented testimony from Jeff Bellows, who was a partner at Bellows, Sharon Bott, who was a former vice-president of management and accounting at Bellows, and a forensic accountant who testified as an expert witness. The jury found in favor of Bellows on the breach of contract and spoliation claims. By agreement of the parties, the accounting claim was tried to the court, with the parties submitting post-trial briefs on that issue. The trial court concluded Plainsboro was not entitled to an accounting and rendered judgment for Bellows on that claim. Pursuant to the jury's verdicts on the breach of contract and spoliation claims, and its own ruling on the accounting claim, the court granted judgment in favor of Bellows on all claims asserted in Plainsboro's complaint.

## II. Assignments of Error

{¶ 5} Plainsboro appeals and assigns the following two assignments of error for our review:

> [I.] The trial court erred by refusing to present Plaintiff-Appellant Plainsboro Partners III Limited Partnership's ("PBIII") breach of fiduciary duty claim to the jury.
>
> [II.] The trial court erred by entering judgment against PBIII on its accounting claim.

## III. Discussion

### A. Whether the trial court erred by not presenting a breach of fiduciary duty claim to the jury

{¶ 6} In its first assignment of error, Plainsboro asserts the trial court erred by refusing to submit a breach of fiduciary duty claim to the jury. Plainsboro asserts it had a breach of fiduciary duty claim against Bellows based on fiduciary duties that were separate and distinct from Bellows's obligations under the management agreement. Plainsboro argues the court erred by not presenting its breach of fiduciary duty claim to the jury for determination.

{¶ 7} Plainsboro concedes its complaint did not contain a separately enumerated count of breach of fiduciary duty, but argues the complaint adequately set forth the elements of a breach of fiduciary duty claim. Plainsboro further argues that evidence related to a breach of fiduciary duty was presented at trial and that the trial court should have permitted amendment of the complaint under Civ.R. 15(B) to conform to the evidence. Bellows asserts Plainsboro's complaint did not state a claim for breach of fiduciary duty and argues the court did not err by refusing to allow amendment of the complaint to include a claim for breach of fiduciary duty.

{¶ 8} Because we find it dispositive of the issue raised in the first assignment of error, we begin with Plainsboro's argument that the trial court erred by denying an amendment of the complaint to include a claim for breach of fiduciary duty.

{¶ 9} On its face, Plainsboro's complaint set forth claims for (1) accounting, (2) breach of contract, and (3) spoliation. The complaint did not contain a separately enumerated count of breach of fiduciary duty. Notwithstanding the lack of a separately enumerated breach of fiduciary duty claim in the complaint, Plainsboro's final pre-trial

statement, filed March 18, 2024, asserted that Plainsboro was asserting claims against Bellows for (1) accounting, (2) breach of contract, (3) spoliation, and (4) breach of fiduciary duty. Plainsboro's final pre-trial statement also asserted that one of the issues was "[w]hether Bellows breached its fiduciary duty to [Plainsboro] by failing to provide appropriate supporting documents for the expenses it charged and received from [Plainsboro]." (Mar. 18, 2024 Plainsboro Final Pre-trial Statement at 2.) Bellows's final pre-trial statement, filed the same day as Plainsboro's, asserted the relationship between the parties was completely governed by the management agreement and noted that one of the legal issues was whether Bellows had a fiduciary duty to Plainsboro in that context.

{¶ 10} On May 31, 2024, Bellows moved to set a revised case schedule. In that motion, Bellows asserted Plainsboro was pursuing an unpleaded claim for breach of fiduciary duty:

> [D]uring a discussion with the Court on May 28, while waiting to learn the availability of enough jurors, Plaintiff's counsel confirmed that Plaintiff was pursuing a claim for breach of fiduciary duty that had never been pled. By never pleading it, Defendant was deprived of its right to file a responsive pleading to such a claim. Plaintiff's counsel argued as to why the claim should be presented to the jury without amending the complaint, as if the Civil Rules allowed such to occur with no amendment to the Complaint.

(Footnote omitted.) (May 31, 2024 Mot. to Set Revised Case Schedule at 4.) Bellows requested the trial court set a final deadline for any amendments to Plainsboro's complaint. Plainsboro filed a memorandum in opposition, arguing it had adequately pleaded a claim for breach of fiduciary duty in the complaint and that the parties had litigated the claim since the beginning of the case. Alternatively, Plainsboro asserted that a claim for breach of fiduciary duty could be presented at trial under Civ.R. 15(B).

{¶ 11} The trial court granted in part and denied in part Bellows's motion to set a revised case schedule. The court held that Plainsboro's complaint did not state a claim for breach of fiduciary duty. The court also stated it had no intention of allowing amendments to the pleadings and concluded Civ.R. 15(B) did not apply because no trial had been conducted. The court concluded that amending the pleadings would cause significant delay.

{¶ 12} During trial, the court indicated that a motion to amend the pleadings under Civ.R. 15(B) would not be granted but allowed Plainsboro to proffer its arguments for amendment. Plainsboro argued that the evidence presented at trial satisfied the elements of a claim of breach of fiduciary duty—i.e., the existence of a duty arising from a fiduciary relationship, a failure to observe that duty, and injury proximately caused by the failure to observe that duty. Plainsboro asserted Bellows owed a fiduciary duty that was distinct from its obligations under the management agreement, and that Bellows breached that fiduciary duty by destroying certain accounting records. Plainsboro argued that allowing amendment of the complaint under Civ.R. 15(B) to include the breach of fiduciary duty claim would promote a complete determination of the merits of the case.

{¶ 13} Civ.R. 15(B) relates to amendment of pleadings to conform to the evidence:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

{¶ 14} Civ.R. 15 "expresses a liberal policy toward the allowance of amendments." *Hall v. Bunn*, 11 Ohio St.3d 118, 121 (1984). As the *Hall* decision noted, the rule " 'was promulgated to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' " *Id.*, quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

{¶ 15} We review a trial court's decision to grant or deny a Civ.R. 15(B) motion to amend for abuse of discretion. *Whitmer v. Zochowski*, 2016-Ohio-4764, ¶ 56 (10th Dist.). An abuse of discretion occurs when a decision is unreasonable, arbitrary, or

unconscionable; however, a court lacks authority to commit an error of law when exercising its discretion. *Campbell v. 1 Spring, L.L.C.*, 2024-Ohio-308, ¶ 10 (10th Dist.).

{¶ 16} The Supreme Court of Ohio has recognized that Civ.R. 15(B) broadly applies to two types of scenarios. The first scenario arises "when the parties have expressly or impliedly consented to the trial of issues not contained in the pleadings." *Hall* at 121. The second scenario arises "where there is an objection to the evidence offered on grounds that it is not within the issues framed by the pleadings." *Id.*

{¶ 17} Bellows did not expressly consent to the trial of a breach of fiduciary claim. Instead, in its pre-trial motion to set a revised case schedule, Bellows asserted Plainsboro had not pleaded a breach of fiduciary duty claim and requested that the trial court set a final deadline for any amendments to the pleadings. Because Bellows did not expressly consent, we must consider whether it impliedly consented to the trial of a breach of fiduciary duty claim. The Supreme Court has held that "[u]nder Civ.R. 15(B), implied consent is not established merely because evidence bearing directly on an unpleaded issue is introduced without objection." *State ex rel. Evans v. Bainbridge Twp. Trustees*, 5 Ohio St.3d 41, 46 (1983). "Rather, it must appear that the parties understood the evidence was aimed at the unpleaded issue." *Id.* The court summarized various factors that must be considered in determining whether the parties impliedly consented to litigate an issue, including whether the parties recognized that an unpleaded issue had entered the case, whether the opposing party had a fair opportunity to address the issue or would offer additional evidence if the case was retried on that issue, and whether the witnesses were subjected to extensive cross-examination on the issue. *Id.* Additionally, this court has recognized that "[i]mplied consent may arise from an opposing party's failure to object to introduction of evidence bearing directly on the unpleaded issue." *Whitmer* at ¶ 57.

{¶ 18} As noted, Bellows asserted prior to trial that breach of fiduciary duty was an unpleaded issue. Additionally, during trial, Bellows's counsel objected when Haft testified that Bellows had an implied duty to repay certain funds because Bellows was Plainsboro's agent. After the trial court overruled the objection, Haft testified that Bellows was Plainsboro's agent and fiduciary because it handled Plainsboro's funds and property for Plainsboro's best interest. Under the circumstances in this case, because Bellows raised the issue prior to trial and objected at trial to testimony that would support a breach of fiduciary

duty claim, we cannot conclude that Bellows impliedly consented the trial of a breach of fiduciary duty claim.

{¶ 19} Rather than trial of an issue by express or implied consent, this case is more analogous to the second scenario recognized by the Supreme Court in *Hall*—i.e., amendment of a complaint "where there is an objection to the evidence offered on grounds that it is not within the issues framed by the pleadings." *Hall*, 11 Ohio St.3d at 121. In that scenario, under Civ.R. 15(B), "the court may allow the pleadings to be amended and in fact *shall* do so freely if the following criteria exist: (1) the presentation of the case's merits will be subserved thereby, and (2) the objecting party does not satisfy the court that admission of the evidence would prejudice him in maintaining his case upon the merits." (Emphasis in original.) *Id.*

{¶ 20} In this case, although Bellows objected to Haft's testimony, the trial court overruled that objection and permitted Haft to testify that Bellows was Plainsboro's agent and fiduciary. Similarly, Jeff Bellows testified that Bellows acted as Plainsboro's agent and that he understood there was a special relationship with Plainsboro because Bellows was handling Plainsboro's accounts. There was also testimony that Bellows performed accounting services for Olde Mill beyond the term of the management agreement. While Plainsboro's complaint did not set forth a separately enumerated claim for breach of fiduciary duty, it contained allegations relevant to a breach of fiduciary duty claim, including the existence of a special relationship between Plainsboro and Bellows that imposed fiduciary duties on Bellows and that Bellows failed to satisfy those fiduciary duties. Under these circumstances, allowing amendment of the complaint to include a claim for breach of fiduciary duty would have served the goal of resolving the case on its merits. *See Hall* at 121 ("Applying the analysis prescribed by Civ.R. 15(B) there is no question but that the disputed evidence would have aided in the presentation of the merits of appellees' case.").

{¶ 21} With respect to prejudice, the objecting party must demonstrate that it will be under a "serious disadvantage in presenting his case." *Id.* at 122. As this court has explained, "[b]ecause every Civ.R. 15(B) motion seeks to add untimely raised issues to the pleadings, the focus of Civ.R. 15(B) is not on the moving party's delinquency, but on the opposing party's opportunity to fully contest the unpleaded issue." *Whitmer*, 2016-Ohio-

4764, at ¶ 62 (10th Dist.). "In the interest of having cases decided on the merits, Civ.R. 15(B) allows untimely amendments, but only if the amendment will not substantially prejudice the opposing party." *Id.*

{¶ 22} In response to Plainsboro's proffered arguments for amendment, Bellows only asserted that it could have notified the company that provided its errors and omissions insurance policy if it had known it was defending a fiduciary duty claim, and suggested that the insurer might have covered the cost of defense and any damages. Bellows did not argue it would have presented any additional arguments or evidence to contest a breach of fiduciary duty claim. *Compare Ohio Vestibular & Balance Ctrs., Inc. v. Wheeler*, 2013-Ohio-4417, ¶ 74 (6th Dist.) ("[A]ppellees stated that if they knew the unpleaded claim was at issue, they would have called additional witnesses, and offered further evidence to show that the management fee was retroactive to 2007, and was approved by the other shareholders of St. James."). Thus, Bellows failed to demonstrate that it would be substantially prejudiced by amending the complaint to include a breach of fiduciary duty claim.

{¶ 23} Once again, we note that Civ.R. 15(B) "expresses a liberal policy toward the allowance of amendments" and is intended to ensure that cases are decided on the merits. *Hall*, 11 Ohio St.3d at 121. Within that context, we conclude that, under the circumstances in this case, the trial court abused its discretion by denying Plainsboro's request to amend its complaint to include a claim for breach of fiduciary duty.

{¶ 24} Accordingly, we sustain Plainsboro's first assignment of error.

### B. Whether the trial court erred by not granting judgment for Bellows on Plainsboro's accounting claim

{¶ 25} In its second assignment of error, Plainsboro asserts the trial court erred by granting judgment in favor of Bellows on Plainsboro's claim for an accounting. Citing decisions from this court and other Ohio appellate courts stating that an accounting is an equitable remedy, the trial court concluded Plainsboro was not entitled to an equitable remedy because it had an adequate remedy at law through its breach of contract claim and the discovery associated with that claim. The court further concluded that an accounting was an ancillary remedy for Plainsboro's claims for breach of contract and spoliation. The court reasoned that no remedy could attach to those claims because the jury had ruled

against Plainsboro on them. Based on those conclusions, the court granted judgment in favor of Bellows on Plainsboro's claim for an accounting.

{¶ 26} Plainsboro asserts the trial court erred by concluding that the availability of a legal remedy through its breach of contract claim precluded it from seeking an accounting. Plainsboro also asserts the trial court erred by concluding that the jury's verdicts on the breach of contract and spoliation claims effectively mooted its claim for an accounting. Bellows argues the trial court properly concluded Plainsboro was not entitled to an accounting because the jury had ruled against Plainsboro on its claims for breach of contract and spoliation.

{¶ 27} This court has held that "an accounting is an equitable remedy." *Ohio Veterans & Fraternal Charitable Coalition, Inc. v. Charitable Mgt. & Capital Group, L.L.C.*, 2025-Ohio-1191, ¶ 57 (10th Dist.). Similarly, other Ohio appellate courts have held that accounting is a remedy. *See Francisco A. Mateo M.D., Inc. v. Proia*, 2023-Ohio-3908, ¶ 55 (7th Dist.) ("In non-partnership contexts, appellate courts have generally concluded a claim for an accounting is a remedy rather than an independent cause of action."); *Moore Family Trust v. Jeffers*, 2023-Ohio-3653, ¶ 44 (7th Dist.) (asserting that an accounting is a remedy); *Kobal v. Edward Jones Secs.*, 2021-Ohio-1088, ¶ 14 (8th Dist.) (asserting that accounting is a remedy); *Krohn v. Ostafi*, 2020-Ohio-1536, ¶ 37 (6th Dist.) (asserting that an accounting is an equitable remedy); *Meehan v. Mardis*, 2019-Ohio-4075, ¶ 8 (1st Dist.) ("Accounting and punitive damages are remedies, and not causes of action."); *McNulty v. PLS Acquisition Corp.*, 2002-Ohio-7220, ¶ 80 (8th Dist.) ("An accounting is an equitable remedy."). In this case, because the jury had ruled in favor of Bellows on Plainsboro's claims for breach of contract and spoliation, those claims could not form the basis for granting an accounting as a remedy. Therefore, we overrule Plainsboro's second assignment of error to the extent it challenges the trial court's ruling that Plainsboro was not entitled to an accounting as a remedy for its breach of contract or spoliation claims. We affirm the trial court's judgment that Plainsboro was not entitled to an accounting as a remedy for its breach of contract or spoliation claims.

{¶ 28} However, Ohio courts have held that an accounting may be an appropriate remedy for a breach of fiduciary duty. *See Jeffers* at ¶ 45 ("The elements of an action that would result in the equitable remedy of an accounting are: fraud; fiduciary or trust

relationship; and necessity."). Additionally, when construing provisions of Ohio's version of the Uniform Partnership Law, the Supreme Court declared that "the usual and normal remedy for a breach of fiduciary duty or other legal conflict among partners is an accounting." *Dunn v. Zimmerman*, 1994-Ohio-351, ¶ 11.

{¶ 29} As explained in our analysis of the first assignment of error, we conclude the trial court erred in this case by refusing to amend the complaint to include a claim for breach of fiduciary duty. If Plainsboro can establish a breach of fiduciary duty on remand it may be entitled to an accounting as a remedy for such breach. Accordingly, we sustain the second assignment of error to the extent it challenges the trial court's judgment as barring an accounting as a remedy for a breach of fiduciary duty claim on remand. We reverse the trial court's judgment to the extent it could be read to prohibit Plainsboro from seeking an accounting as a remedy for its breach of fiduciary duty claim on remand.

## IV. Conclusion

{¶ 30} For the foregoing reasons, we sustain Plainsboro's first assignment of error and sustain in part and overrule in part Plainsboro's second assignment of error. We affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment affirmed in part and reversed in part; cause remanded.*

JAMISON and DINGUS, JJ., concur.

———————————